UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CONSOLIDATED PAVING, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) ) | Case No. 10-cv-1045 |
| v. ) ) | |
| THE COUNTY OF PEORIA, ILLINOIS, ) ) | |
| Defendant. | |

## O P I N I O N & O R D E R

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 35), to which Plaintiff has filed a Response (Doc. 38). For the following reasons, Defendant's Motion is taken under advisement, and Plaintiff is ordered to file an Amended Response.

### BACKGROUND

In December 2009, the Peoria County Board of Supervisors ("County Board") adopted an Ordinance relating to the use of bituminous asphalt paving material at all commercial and residential building parking areas and driveways. (Doc. 14 at 2). A companion ordinance was adopted on February 11, 2010, which required a permit to use such paving materials, and which made the Ordinance effective May 1, 2010. Plaintiff, who is engaged in the production and manufacture of the bituminous asphalt material described in the Ordinance, was directly affected and regulated by the Ordinance. (Doc. 14 at 7). Plaintiff filed an action seeking "declaratory, injunctive, and further relief" on February 22, 2010. (Doc. 1).

1

The County Board amended the Ordinance on April 8, 2010. (Doc. 14 at 6). The April 8, 2010 Ordinance required that asphalt paving material be produced at a plant certified by IDOT and that asphalt paving material meet all IDOT specifications. (Doc. 14 at 7). Other sections of the April 8, 2010 Ordinance imposed various penalties for violations of the Ordinance, including fines and denial of the right to obtain permits for any construction. (Doc. 14 at 7). Five days after the County Board amended the Ordinance, Plaintiff filed an Amended Complaint (Doc. 14), a Motion for Temporary Restraining Order (Doc. 15), and a Motion for Preliminary Injunction (Doc. 16). On April 20, 2010, Judge Michael Mihm, United States District Judge for the Central District of Illinois, granted Plaintiff's Motion for Preliminary Injunction and found Plaintiff's Motion for Temporary Restraining Order moot. (4/20/2010 Dkt. Entry; see also Doc. 21). The Court found that Plaintiff had standing to sue and that Plaintiff's claim was ripe. (Doc. 21 at 3).

The Court granted Plaintiff's Motion for Preliminary Injunction after finding that Plaintiff had a substantial likelihood of success on the merits. (Doc. 21 at 2). The April 8, 2010 Ordinance required all asphalt plants producing asphalt in the unincorporated areas of Peoria County to be certified by IDOT; however, the Court found that IDOT does not certify plants and thus compliance with that component of the Ordinance was impossible. (Doc. 21 at 2). Further, the Court found that Plaintiff was likely to succeed on the merits because the meaning of "meeting all IDOT specifications for Asphalt Material" (as stated in the Asphalt Ordinance) was unclear. (Doc. 21 at 2). The Court also found that Plaintiff had no adequate remedy

at law: if the injunction was not granted, Plaintiff would have been forced to violate the law and suffer sanctions and extreme loss of business or go out of business entirely as a result of the enforcement of the Ordinance. (Doc. 21 at 2). The Preliminary Injunction enjoined Defendant from enforcing Sections 12-15)ii) and 12-19 of the Peoria County Code ("Asphalt Ordinance"), as adopted on April 8, 2010. (Doc. 21).

On September 9, 2010, the Peoria County Board adopted amendments to the Ordinance; the amendments were adopted to immediately replace the existing language in Sections 12-15(ii), 12-17(tt), and 12-19(kk) of the Ordinance. On November 23, 2010, Defendant filed a Motion to Dissolve Preliminary Injunction. (Doc. 26). The Court granted the Motion on July 18, 2011, finding that the amended definition of "contractor" in the September 9, 2010 Ordinance ("Amended Ordinance") does not cover Plaintiff, "meaning that Plaintiff is no longer subject to any of the requirements of the Asphalt Ordinance and thus will not suffer irreparable harm if the preliminary injunction is dissolved." (Doc. 32 at 4-5). Further, the Court found that although Plaintiff would not suffer harm under the Amended Ordinance, Defendant would suffer harm from being unable to enforce its ordinances. (Doc. 32 at 5). The Court determined that the September 9, 2010 amendments rendered the preliminary injunction of the April 8, 2010 Ordinance moot, and that Plaintiff no longer had a likelihood of success on the merits, because its Amended Complaint only addressed the April 8, 2010 Ordinance. (Doc. 32 at 5).

The Court's July 19, 2011 Order also addressed Plaintiff's Petition for Fees (Doc. 30). The Court denied Plaintiff's Petition, finding that (1) Plaintiff was not a "prevailing party" as defined under Supreme Court and Seventh Circuit precedent, and that (2) Plaintiff's Petition was untimely, as "a request for fees after only obtaining a preliminary injunction is premature in view of the continuation of the litigation to definitely resolve the controversy." (Doc. 32 at 7).

## DISCUSSION

On October 24, 2011, Defendant filed the present Motion for Judgment on the Pleadings (Doc. 35), in which it argues that Plaintiff's Amended Complaint is moot, and that judgment must be entered in favor of Defendant on Counts I and II of the Amended Complaint. (Doc. 36 at 3-8). Plaintiff filed a timely Response on November 11, 2011. (Doc. 38).

In its Response, Plaintiff puts forth two arguments in support of its opposition to Defendant's Motion. Plaintiff's main argument—the only one listed in the introduction—is that it would be unfair for the Court "to allow the County to avoid the damages it caused when it passed, adopted and attempted to enforce an ordinance that was unconstitutional . . . ." (Doc. 38 at 2). Plaintiff also maintains that the Court should address the constitutionality of the April 8, 2010 Ordinance because "there would not be anything to prevent the County from re-adopting the exact same ordinance and attempting to enforce it again if the Court never reached a determination as to whether the April 8, 2010 [Ordinance] is unconstitutional." (Doc. 38 at 3-4).

Local Rule 7.1(B)(2) states: "Any party opposing a motion filed pursuant to (B)(1) must file a response to the motion, including a brief statement of the specific points or propositions of law and supporting authorities upon which the responding party relies." Remarkably, Plaintiff cites *no supporting authority whatsoever* in its Response. This is a clear violation of Local Rule 7.1(B)(2). *See Williams v. Illinois Dept. of Revenue*, No. 09-3335, 2011 WL 1979862, at *3 n. 1 (C.D. Ill. May 20, 2011); *Bennett V. Wal-Mart Store, Inc.*, No. 11-3066, 2011 WL 1899362, at *4 (C.D. Ill. May 19, 2011). Additionally, Plaintiff's arguments are both unclear and conclusory—faults which might have been at least partially remedied had Plaintiff chosen to cite cases in support of its positions.

Despite Plaintiff's failure to coherently frame its objections to Defendant's Motion, there may remain some important issues in this case that need to be resolved—issues that could make a judgment on the pleadings in favor of Defendant inappropriate. Because of this, the Court will order Plaintiff to submit an Amended Response that corrects the shortcomings of the initial Response. These shortcomings are identified below.

1. ***Damages***

Plaintiff's argument as to damages is disjointed and confusing. Plaintiff claims that the Amended Complaint is not moot, because if the Court were to proceed to the merits and determine that the April 8, 2010 Ordinance is unconstitutional, "then the County is responsible to the Plaintiff for damages that were incurred by Plaintiff as a result of the County attempting to enforce an

unconstitutional ordinance." (Doc. 38 at 3). Plaintiff claims that the April 8, 2010 Ordinance "caused Plaintiff's [sic] substantial damages and those damages caused by the County are the actual, justiciable controversy between the parties." (Doc. 38 at 4).

There are some initial issues that should be noted. First, there is no mention of damages whatsoever in the Amended Complaint. Second, there is no reference in the Response to any section of the Amended Complaint that supports Plaintiff's (new) claim for damages. Third, it is unclear to the Court *how* Plaintiff could have suffered the damages it claims to have suffered. The allegedly unconstitutional provisions of the April 8, 2010 Ordinance were to become effective May 1, 2010. Because the Court granted Plaintiff's Motion for Preliminary Injunction on April 26, 2010, and the injunction was not dissolved until the September 9, 2010 Ordinance was adopted, the allegedly unconstitutional provisions of the April 8, 2010 Ordinance never went into effect. It is therefore difficult to understand how the April 8, 2010 Ordinance caused Plaintiff compensable damages.

These strange omissions and factual conundrums lead the Court to believe that Plaintiff is basing its opposition to Defendant's Motion on something else entirely. The Court suspects that by "damages" Plaintiff actually means attorney's fees and costs. This conclusion is based on two pieces of evidence found in Plaintiff's filings. First, although the Amended Complaint says nothing about damages, it does request that the Court "[a]ward court costs incurred in prosecuting this action

6

including reasonable attorney's fees." (Doc. 14 at 11). Second, in its Response, Plaintiff summarizes its argument against mootness as follows:

> Simply put, the County cannot enact and adopt unconstitutional legislation and attempt to enforce it, *force a Plaintiff to file suit, incur fees and costs to enjoin the County from enforcing the unconstitutional legislation*, then amend the legislation (*after litigating a portion of the matter* and realizing that the County was most likely going to lose) without repercussion. If the County . . . could avoid such repercussions, there would be absolutely no incentive for any municipality to pass constitutional legislation, it could pass and adopt any legislation it wanted to (no matter how absurd) and simply amend the legislation *after forcing a lawsuit to be filed*.

(Doc. 38 at 4) (emphases added). The italicized language suggests that the monetary injuries for which Plaintiff seeks redress are those that have resulted from the costs associated with the initiation and prosecution of this litigation.

But the Court cannot be entirely sure that this is what Plaintiff means. In the Amended Complaint there is a request that the Court "[a]ward Plaintiff such other and further relief pursuant to 28 U.S.C. [§] 2202 as this Court may deem appropriate." Pursuant to § 2202, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. This "further necessary and proper relief" may take the form of a monetary award for damages. *See Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17 (2d Cir. 1998) ("A district court may grant further relief [under § 2202], including monetary damages, whether or not it had been demanded, or even proved, in the original action for declaratory relief."); *Intervisual Communications, Inc. v. Volkert*, 975 F. Supp. 1092, 1106 (N.D. Ill. 1997). It may be, then, that Plaintiff seeks true

7

damages, and not merely attorney's fees—though, as stated above, the Court cannot fathom how Plaintiff could have suffered damages when the allegedly unconstitutional provisions of the Ordinance never went into effect.

The Court believes that this distinction is important. In the Amended Response, Plaintiff should explain what type of relief it is seeking—true damages or merely attorney's fees and costs.[1] If Plaintiff now seeks damages, it should identify a theory under which it is entitled to such relief, and it should identify the statutory provision under which such damages are sought.

2. ***Voluntary Cessation***

It is a well-established general principle that "a defendant's voluntary cessation of challenged conduct will not render a case moot because the defendant remains 'free to return to his old ways.'" *Federation of Advertising Industry Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953)). This appears to be what Plaintiff is referencing when it argues that "there would not be anything to

---

[1] On July 19, 2011, the Court denied Plaintiff's Petition for Fees. (Doc. 32 at 7). The Court found that (1) Plaintiff's success on its Motion for Preliminary Injunction did not make it a "prevailing party" as defined under Supreme Court and Seventh Circuit precedent, and that (2) Plaintiff's Petition was untimely, as "a request for fees after only obtaining a preliminary injunction is premature in view of the continuation of the litigation to definitely resolve the controversy." (Doc. 32 at 7). A timely subsequent petition for fees may not necessarily suffer the same fate—even if the case is found to be moot before the merits of Counts I and II are addressed. *See, e.g.*, *Kansas Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011); *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d Cir. 2008); *Dupuy v. Samuels*, 423 F.3d 714 (7th Cir. 2005). *But see Singer Management Consultants, Inc. v. Milgram*, 650 F.3d 223 (3d Cir. 2011).

prevent the County from re-adopting the exact same ordinance and attempting to enforce it again if the Court never reached a determination as to whether the April 8, 2010 [Ordinance] is unconstitutional." (Doc. 38 at 3-4). There is voluminous Seventh Circuit and Supreme Court precedent on the application of the voluntary cessation doctrine. Plaintiff has failed to cite even one case discussing the doctrine, and has made no reference to the analysis that courts utilize in determining whether the doctrine applies.

The Court will not do Plaintiff's work for it. Plaintiff should revise its "argument" as to the voluntary cessation doctrine when it submits its Amended Response. Additionally, the Court recommends that Plaintiff address the general rule in this circuit that the repeal of a challenged law—or an amendment to the law that rectifies the law's alleged defects—"renders a case moot, unless there is evidence creating a reasonable expectation that the [local government] will reenact the ordinance or one substantially similar." *Federation of Advertising Industry Representatives, Inc.*, 326 F.3d at 930. *See also Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) (noting that "an amendment that clearly rectifies the statute's defect," even absent complete repeal, "renders a request for an injunction against application of that statute moot"); *Thomas v. Fielder*, 884 F.2d 990, 995 (7th Cir. 1989) ("[M]ootness even may be achieved by an amendment that responds to a lower court decision, so long as the amendment seems an enduring good-faith act.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Doc. 35) is TAKEN UNDER ADVISEMENT, and Plaintiff is ORDERED to file an Amended Response within fourteen days of this Order.

IT IS SO ORDERED.

Entered this 14th day of June, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
