## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CONSOLIDATED PAVING, INC., an Illinois Corporation ) ) ) | |
| Plaintiff,      ) ) | |
| v.           ) ) | Case No.   10-cv-1045 |
| COUNTY OF PEORIA, ILLINOIS  ) ) | |
| Defendant.      ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Fees and Costs (Doc. 45). Defendants filed a Response in opposition (Doc. 47). For the reasons stated below, Plaintiff's Motion is taken under advisement pending further briefing by both parties.

**BACKGROUND**

Plaintiff filed the present case seeking "declaratory, injunctive, and further relief," challenging Peoria County ordinances governing the use of paving materials. (Doc. 1). Plaintiff's Amended Complaint concerns the ordinance as amended on April 8, 2010, requiring that asphalt paving material be produced at a plant certified by the Illinois Department of Transportation (IDOT) and that asphalt paving material meet all IDOT specifications. (Doc. 14 at 7). Failure to comply would result in penalties including fines and construction permit denials. (*See* Doc. 14 at 7). On the same date as Plaintiff filed its Amended Complaint, it also filed motions for both a temporary restraining order and a preliminary injunction.

On April 20, 2010, the Court granted Plaintiff's Motion for Preliminary Injunction and found Plaintiff's Motion for Temporary Restraining Order moot. (Minute Entry, Apr. 20, 2010; *see also* Doc. 21). In granting the preliminary injunction, the Court found that Plaintiff had a substantial likelihood of success on the merits. (Doc. 21 at 2). The challenged ordinance required all asphalt plants producing asphalt in the unincorporated areas of Peoria County to be certified by IDOT; however, the Court found that IDOT does not certify plants and thus compliance with that component of the ordinance was impossible. (Doc. 21 at 2). Further, the Court found that Plaintiff was likely to succeed on the merits because the meaning of the ordinance requirement that the asphalt plants meet all IDOT specifications was unclear. (Doc. 21 at 2). Thus, the Court determined that the ordinance would likely be found unconstitutionally vague and would constitute a taking of property without due process. (Doc. 21 at 2).

The Court also found that Plaintiff had no adequate remedy at law: if the injunction were not granted, Plaintiff would have been forced to violate the law and suffer sanctions and extreme loss of business or go out of business entirely, causing irreparable harm from enforcement of the ordinance. (Doc. 21 at 2). The Court enjoined Defendant from enforcing the challenged sections of the Peoria County Code until further order of the Court. (Doc. 21).

On September 9, 2010, Peoria County adopted amendments to the ordinance, replacing the existing language of the provisions challenged by Plaintiff. (*See* Doc. 26-1). In particular, the definition of contractor was narrowed such that Plaintiff would no longer be regulated by the ordinance, the provision requiring the

nonexistent IDOT certification was changed to instead require IDOT approval, and the potentially vague language was amended. (*See* Doc. 26-1; Doc. 26 at 3-6). As a result, the Court granted Defendant's Motion to Dissolve Preliminary Injunction on July 18, 2011. (Doc. 32). The Court determined that the September 9, 2010, amendments rendered the preliminary injunction of the April 8, 2010, ordinance moot, and that Plaintiff could no longer satisfy the requirements for a preliminary injunction. (Doc. 32 at 4-5). In the same Order, the Court denied Plaintiff's Petition for Fees, in part because it was "premature in view of the continuation of the litigation to definitely resolve the controversy." (Doc. 32 at 7).

On October 24, 2011, Defendant filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's Amended Complaint was moot. (Doc. 36). The Court agreed that the case was moot, and consequently dismissed the Amended Complaint for lack of subject-matter jurisdiction. (Doc. 44). In reaching this conclusion, the Court explained that the provisions of the ordinance "that constituted the source of this controversy have been replaced" and there was no indication Defendant would reenact the challenged provisions. (Doc. 44 at 9-10).

PETITION FOR FEES AND COSTS

Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988, in the amount of $88,917.35. Under 42 U.S.C. § 1988, a court, "in its discretion, may allow the prevailing party" in certain enforcement actions, including actions under 42 U.S.C. § 1983, "a reasonable attorney's fee." 42 U.S.C. § 1988(b). Defendant, in its Response, argues Plaintiff is not entitled to fees for two primary reasons. First, Defendant argues Plaintiff's Petition was untimely, as it was not filed within two

weeks of the date the preliminary injunction was ordered. Second, Defendant argues Plaintiff is not a "prevailing party" under 42 U.S.C. § 1988, so is not entitled to fees.

## *I. Timeliness*

Federal Rule of Civil Procedure 54 provides that "[u]nless a statute or a court order provides otherwise" a motion for attorneys' fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Defendant argues the word "judgment" in Rule 54(d)(2)(B) means "a decree and any order from which an appeal lies," as defined in Rule 54(a). Because an order granting a preliminary injunction is an order from which an appeal lies, Defendant concludes that it was a judgment for purposes of Rule 54(d)(2)(B), and Plaintiff would have to have filed its Petition for Fees within fourteen days of the Order granting Plaintiff a preliminary injunction. (Doc. 47 at 5). Because it was not, Defendant argues that it was not timely. (Doc. 47 at 5).

A logical reading of Rule 54, and the implications of attorneys' fees precedent, lead to the conclusion that Plaintiff's Petition was not untimely. The Seventh Circuit has noted "the need for flexibility and good sense in interpreting time limits on attorney's fee petitions." *Smith v. Vill. of Maywood*, 970 F.2d 397, 399 (7th Cir. 1992). Though Defendant's reading may not be frivolous, good sense dictates that it cannot be the correct meaning. "It simply makes little sense to require the submission of petitions for attorney's fees before the legal work is done." *Id.* at 399-400. Further, an attorneys' fees petition filed immediately after a preliminary injunction would be premature, as this Court determined when denying Plaintiff's

4

previous Petition. (Doc. 32 at 7). This is particularly true because if a plaintiff is awarded a preliminary injunction, but a final decision on the merits denies permanent injunctive relief, that party is not a "prevailing party" for purposes of § 1988. *Sole v. Wyner*, 551 U.S. 74, 78 (2007). In dicta, the Court noted in reference to a preliminary injunction that "[i]ts tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature." *Id.* at 84. In Seventh Circuit cases discussing attorneys' fees awards following a preliminary injunction, the discussion is focused on whether the court is permitted to award an *interim* fee—there is no indication that the final fee award must be completed at that time. *See, e.g.*, *Dupuy v. Samuels*, 423 F.3d 714, 719, 722 (7th Cir. 2005). In *Dupuy*, the court determined even interim fees were inappropriate in cases where a preliminary injunction was awarded but further proceedings on the merits were contemplated. *Id.* at 724. Thus, requiring an attorneys' fees petition to be filed within fourteen days of the preliminary injunction would conflict with *Dupuy*.

Like in *Dupuy*, this case was not over after the preliminary injunction was granted. The case proceeded and was set for trial, clearly indicating further proceedings on the merits were anticipated. (*See, e.g.*, Doc. 21). Undoubtedly, had Plaintiff filed a fee petition immediately following the preliminary injunction, Defendant would have accurately argued that Plaintiff's prevailing party status could not properly be determined at such an early stage of the litigation. Despite Defendant's arguments to the contrary, it would be absurd and would contradict common sense and precedent to require a petition for fees to be filed before the bulk

5

of the attorney work is completed and before the Court could have accurately determined whether Plaintiff was even entitled to fees. Thus, Plaintiff's Petition for Fees was not untimely.

## *II. Prevailing Party*

Defendant also challenges Plaintiff's assertion that it is a prevailing party for purposes of 42 U.S.C. § 1988. Defendant correctly notes that Plaintiff does not come within the two categories of cases described in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court rejected the "catalyst theory," instead requiring a party to have achieved a "judicially sanctioned change in the legal relationship of the parties" if it is to be considered a prevailing party, such as a final judgment on the merits or a consent decree. *Id.* at 605. However, these two categories are not exclusive, but rather are examples of what makes a party a prevailing party under attorneys' fees statutes. *See, e.g.*, *Dupuy*, 423 F.3d at 719. In *Sole*, Court held that "a plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) *if the merits of the case are ultimately decided against her.*" *Sole*, 551 U.S. at 86 (emphasis added). However, the Court explicitly stated "[w]e express no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." *Id.*

In the present case, the merits of Plaintiff's claim were never decided by this Court. Unlike a preliminary injunction that is "reversed, dissolved, or otherwise undone by the final decision" in a case, *id.* at 83, this preliminary injunction was

6

dissolved and the case dismissed because it was made moot by Defendant's actions. There was never a final decision on the merits. Rather, because Defendant showed the amendments to the ordinance in question both made it no longer applicable to Plaintiff and changed the language that caused the constitutional concerns, the case was found moot and the merits were never reached. As such, it is not covered by the holding of *Sole*, but is of a type of case on which the Supreme Court expressed no opinion.

The Seventh Circuit has previously held that a plaintiff that was awarded a preliminary injunction, even though the appeal was dismissed as moot, was a prevailing party despite the court never reaching a judgment on the merits. *Young v. City of Chicago*, 202 F.3d 1000, 1000-01 (7th Cir. 2000) ("A defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought, for in such a case mootness does not alter the plaintiff's status as a prevailing party."). Further, the court has indicated a view in line with other circuits holding that a plaintiff who is granted a preliminary injunction and whose case is subsequently mooted is a prevailing party. *Dupuy*, 423 F.3d at 723 n.4 ("[S]everal of our sister circuits have held that attorneys' fees may be awarded after a party has obtained a preliminary injunction and the case subsequently has become moot. . . . [W]e follow the approach of the[se] circuits." (citing *Select Milk Producers, Inc. v. Johanns,* 400 F.3d 939 (D.C. Cir. 2005); *Watson v. Cnty. of Riverside*, 300 F.3d 1092 (9th Cir. 2002), *cert. denied,* 538 U.S. 923 (2003); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551 (11th Cir. 1987)). In this same footnote, the Seventh Circuit noted its "respectful disagreement" with a rule

7

that a preliminary injunction can never be the predicate for interim attorneys' fees. *Id.*

In the cases cited favorably in *Dupuy* and others affirming attorneys' fees awards in similar cases, the circuit courts of appeals have found that a preliminary injunction based in part on a determination of likely success on the merits is a judicially sanctioned change in the relationship that satisfies *Buckhannon*. In *Johanns*, the D.C. Circuit held that a preliminary injunction, as a court-ordered change in the parties' legal relationship, satisfied the prevailing party requirement; subsequent actions by the defendant that made the case moot did not negatively affect the plaintiff's prevailing party status. *Johanns*, 400 F.3d at 948. The Ninth Circuit also allowed attorney fees after a preliminary injunction and subsequent mooting of the case, stating "[a] preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy *Buckhannon*." *Watson*, 300 F.3d at 1096. Similarly, in *Taylor*, the Eleventh Circuit determined that "a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's fees." *Taylor*, 810 F.2d at 1558.

Since *Dupuy*, at least three other circuit courts have affirmed fee awards in similar cases. The Fifth Circuit set forth a test whereby to qualify as a prevailing party, the plaintiff:

> (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits.

*Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008). The Third Circuit, confronting the issue for the first time, agreed that a plaintiff who had achieved a preliminary injunction despite never securing a final judgment was the prevailing party. *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 228-29 (3d Cir. 2008). The court reasoned that *Buckhannon* did not require a contrary rule because "[t]he ultimate mooting of plaintiffs' claims resulted not solely from the filing of the lawsuit but from the results of the legal process." *Id.* at 234. The Tenth Circuit also recently held that where a preliminary injunction was based in part on the likelihood of success on the merits and is the relief sought in the complaint, the plaintiff is the prevailing party even if the case later becomes moot because of circumstances outside plaintiff's control. *Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1234, 1238 (10th Cir. 2011).

The only arguable material distinction between the present case and the cases allowing attorneys' fees based on a granted preliminary injunction followed by the case becoming moot is that some of them emphasize the fact that the defendant's behavior in mooting the case was directly caused by and in response to the preliminary injunction. *See, e.g.*, *Dearmore*, 519 F.3d at 525. However, the attorneys' fees determination is not supposed to be a second trial. *See, e.g.*, *Buckhannon*, 532 U.S. at 609. To require a substantial factual determination of whether the defendant's actions, causing the case to be mooted, were undertaken to avoid the potential negative decision on the merits or for some other reason would take significant time and effort.

9

Here, Defendant argues it amended the ordinance voluntarily and had intended to do so "[f]rom the start of this litigation." (Doc. 47 at 4). Defendant implies the amendments to the ordinance were not in response to the preliminary injunction, and compares Plaintiff's theory to the catalyst theory rejected in *Buckhannon*. (Doc. 47 at 4). Yet it amended precisely the provisions the Court found potentially problematic and limited the entities it regulated such that Plaintiff was no longer included. It can easily be inferred that this amendment was, at least in part, the result of the judicial determination that Plaintiff was likely to succeed on the merits in the case. To the extent any causation element must be proven, it is satisfied here by Defendant's amendments of the challenged provisions after the preliminary injunction based on a likelihood of success on the merits. The cases it cites in support of its argument relate to a voluntary settlement, *Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601 (7th Cir. 2008), and a dismissal of a mooted case, *Walker v. Calumet City, Ill.*, 565 F.3d 1031 (7th Cir. 2009), both before any court order altering the legal relationship of the parties; thus they are factually dissimilar and distinguishable from the case law supporting an award in this case. Therefore, Plaintiff is a prevailing party and is able to collect attorneys' fees under 42 U.S.C. § 1988.

### III. Amount of Fees

Though Plaintiff will be awarded fees and costs, the amount remains to be determined. As explained below, some unresolved issues preclude a determination of the amount and the parties must submit further briefing on the matter. However,

the Court here explains some determinations it has already made as to the amount that will eventually be awarded.

Because the award of attorneys' fees is a discretionary matter under 42 U.S.C. § 1988, the Court finds the quality of work of Plaintiff's counsel must be addressed. Throughout this litigation, the Court has found Plaintiff's counsel's filings to be of very poor quality.[1] In fact, Plaintiff's initial Response to Defendant's Motion for Judgment on the Pleadings was so deficient the Court ordered the filing of an amended response. (Doc. 39 at 4-5). In addition to unclear arguments, Plaintiff cited no supporting authority in the entire document. (Doc. 39 at 5). Despite this disapproval, the Court noted shortcomings in Plaintiff's further briefing, stating Plaintiff's "chronically maladroit filings have resulted in an unnecessary delay in the disposition of this matter." (Doc. 44 at 6 n.1). Because of Plaintiff's counsel's deficient filings, the Court, in its discretion, will not award attorneys' fees for their work preparing Plaintiff's briefs related to the Motion for Judgment on the Pleadings.

Apparently, after these warnings, one way Plaintiff's counsel attempted to rectify the problem of not citing case law in support of its legal arguments was to plagiarize large portions of analysis from another source. Plaintiff's Petition for Fees (Doc. 45) spans thirteen pages. Five pages of material in the Petition are lifted nearly verbatim from the Seventh Circuit's opinion in *Dupuy v. Samuels*, yet this case is not cited anywhere in Plaintiff's Petition. (*See* Doc. 45 at 3-8). Instead of analyzing precedent himself, Plaintiff's counsel copied the Seventh Circuit's

---

[1] The problematic filings noted were all signed by Attorney Samuel Zabek.

analysis of Supreme Court and Seventh Circuit case law, making only minor changes, such as changing "we decided" to "the Court decided." (*Compare, e.g.*, Doc. 45 at 5, *with Dupuy*, 423 F.3d at 720-21). Case law is meant to support an attorney's arguments, but borrowed analysis, and especially quoted material, must be cited. Perhaps the most confounding part of Plaintiff's counsel's behavior is that despite copying pages of material from that opinion, most of which only lend relatively weak support to his claim, he missed the most compelling parts of *Dupuy*, the parts which this Court finds strongly support the award of attorneys' fees in this case.

Plagiarism is a serious issue, and several courts have found such behavior unacceptable and a violation of the Rules of Professional Conduct that govern attorneys' behavior. *See, e.g.*, *United States v. Bowen*, 194 F. App'x 393, 402 n.3 (6th Cir. 2006); *United States v. Lavanture*, 74 F. App'x 221, 224 n.2 (3d Cir. 2003); *United States v. Jackson*, 64 F.3d 1213, 1219 n.2 (8th Cir. 1995); *Venesevich v. Leonard*, No. CIV A 1:07CV2118, 2008 WL 5340162, at *2 n.2 (M.D. Pa. Dec. 19, 2008); *Pagan Velez v. Laboy Alvarado*, 145 F. Supp. 2d 146, 160-61 (D.P.R. 2001). The Supreme Court of Illinois censured an attorney for plagiarizing in an academic work, not even while practicing law, because it constituted "conduct involving dishonesty, fraud, deceit, or misrepresentation." *In re Lamberis*, 443 N.E.2d 549, 552 (Ill. 1982) ("The essence of plagiarism is deceit."). In a particularly notable case, a bankruptcy judge ordered an attorney who had plagiarized work to disgorge fees and complete a course in professional responsibility, and sent a copy of the order to the state disciplinary board. *In re Burghoff*, 374 B.R. 681 (Bankr. N.D. Iowa 2007). A judge in the Northern District of Illinois reduced an attorneys' fees award by

ninety percent because of counsel's plagiarism. *A.L. v. Chi. Public Sch. Dist. No. 299*, No. 10 C 494, 2012 WL 3028337, at *6 (N.D. Ill. July 24, 2012).

This Court does not look lightly upon passing off as one's own the analysis and work of another. As such, the Court will not award fees for the work in preparing the Petition for Fees. Plaintiff's counsel is warned that future filings in this Court must follow commonsense and ethical standards, including citing work that is from another source. Plaintiff's counsel should take note of the cases cited above in which judges imposed more serious consequences for plagiarizing material, and realize the consequences may be far more severe if he ever attempts to plagiarize again.

Defendant argues that Plaintiff should only be awarded attorneys' fees for the work done in relation to the preliminary injunction, as that is what makes Plaintiff the prevailing party. (Doc. 47 at 7). Defendant cites no case law in support of such a rule, citing only Federal Rule of Civil Procedure 11(b)(1), barring a party from "needlessly increas[ing] the cost of litigation." If Defendant wishes to maintain this argument, it must provide a more thorough argument with supporting authority in its brief in response to this Order.

Defendant also takes issue with some of the work for which Plaintiff's counsel is claiming fees, particularly for "discussions held with Defendant's officials and employees during the pendency of this litigation without the consent of Defendant's attorneys," and requests a hearing to determine the amount of fees and costs. (Doc. 47 at 7). Defendant seems to raise another possible ethical violation by Plaintiff's counsel, by talking to agents of Defendant Peoria County without Defendant's

13

counsel's permission, in violation of Illinois Rule of Professional Conduct 4.2, made applicable to attorneys practicing in this Court by Local Rule 83.6(D). Defendant also cites not case law in support of this argument, but perhaps is appealing to the Court to use its discretion to reduce the fee award. The Court finds a hearing unnecessary to resolving the issue of amount of damages due, but notes Defendant's concerns. Instead of a hearing, the Court will allow Defendant's counsel to file a brief outlining Defendant's objections to the specific fees and itemizations requested. Plaintiff may then file a brief in response, and may also provide further detail about any questionable itemizations. The Court will then determine the amount of attorneys' fees and costs to which Plaintiff is entitled.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to attorneys' fees and costs as the prevailing party in this litigation. However, the amount awarded must still be determined as outlined in this Order, and the Court would encourage efforts to settle this matter. IT IS THEREFORE ORDERED that Plaintiff's Petition for Fees (Doc. 45) is TAKEN UNDER ADVISEMENT. Defendant SHALL file a brief detailing its objections to specific fee requests within fourteen days of the date of this Order. Plaintiffs MAY then file a brief in response within fourteen days of service of Defendant's brief.

Entered this 7th day of March, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
