## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CONSOLIDATED PAVING, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.   10-cv-1045 |
| COUNTY OF PEORIA, ILLINOIS, ) ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Fees and Costs (Doc. 45). In response to this Court's Order dated March 7, 2013 (Doc. 48), Defendant filed a brief stating its objections to the fee request (Doc. 49). Plaintiff then filed a brief in response (Doc. 50). For the reasons stated below, Plaintiff is awarded $73,011.10 in attorneys' fees and costs.

The background of this case is laid out fully in the Order taking the present Motion under advisement. (Doc. 48 at 1-3). In that Order, the Court held that Plaintiff's Motion was timely, that Plaintiff was the prevailing party, and that it was therefore entitled to recover attorneys' fees. However, further briefing was necessary to determine the amount it would receive. As the Motion is now fully briefed, it is ready for determination.

### DISCUSSION

Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff originally requested fees in the amount of $88,917.35, based on 246.5 hours

of attorney work and 19.75 hours of legal assistant work. (Doc. 45-1 at 1-2). In the previous Order, the Court explained that fees for certain work performed would not be awarded: work preparing Plaintiff's briefs related to the Motion for Judgment on the Pleadings and work preparing the Petition for Fees. (Doc. 48 at 10-13). Plaintiff's counsel helpfully itemized this work in its Response brief, which indicates this already disallowed work totals 38.25 hours of attorney work and 3.25 hours of legal assistant work. Thus, Plaintiff's modified request, in light of the previous Order, is for an award of $75,286.10, which is calculated based on 208.25 hours of attorney work, 16.5 hours of legal assistant work, and $1,161.10 in costs. Defendant raises challenges to Plaintiff's attorneys' fees request, both to the hourly rate and to the number of hours. It also seeks a reduction based on the limited success it claims Plaintiff achieved.

In calculating an appropriate attorneys' fee award, a district court first determines the lodestar amount, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court then can adjust that amount based on a number of factors, including the results obtained by the prevailing party. *Id.* at 434.

I.  *Reasonable Rate*

Plaintiff requests fees at the rate of $350 per hour for its attorneys, Mr. Zabek and Mr. Leiter, and $75 per hour for their legal assistant, Ms. Sutherland. Defendant argues that the hourly rates Plaintiff requests are unreasonably high,

and that they should be reduced accordingly. It argues that $350 per hour is much higher than attorneys in the area charge for similar services.

The Seventh Circuit has repeatedly held that the presumptive market rate, which the court uses as equivalent to a reasonable rate, is the rate the party's attorneys actually charge for comparable work. *See, e.g.*, *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). Further, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008). Once the moving party provides evidence showing the billing rate, "the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993)). For example, a court may deviate from the presumptive rate based on the attorney's experience. *Id.* at 1315.

Here, Plaintiff submits a copy of the fee agreement between it and its counsel, showing that it was billed by its attorneys at the rates it requests from the Court. (Doc. 50-1 at 1). Further, Plaintiff has already paid the attorneys' fees at those rates. (Doc. 50-1 at 3). Defendant, in opposing the submitted rates, provides exhibits showing lower rates it has paid to attorneys in the area, presumably for similar cases, though that is not stated. (Docs. 49-1, 49-2). It also points to the Court's previous findings that Plaintiff's counsel's work has been subpar.

The Court finds Plaintiff adequately showed the presumptive market rate by demonstrating it had actually paid the requested rate. Defendant did not meet its

3

burden of showing a good reason why a lower rate is essential. Defendant may have paid a lower rate in other cases than Plaintiff has paid its attorneys in this case, but there could be many reasons for that. Further, problems with inadequate work were addressed by the Court's previous determination that certain work would be uncompensated in its entirety. Thus, the rate of $350 per hour for attorneys and $75 for the legal assistant, as the rate paid, is a reasonable rate in this case.

## II. Reasonable Hours

To reach a reasonable number of hours expended on litigation, a court should "exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley*, 461 U.S. at 434). Hours that would not be properly billed to a client are not appropriate for fee awards. *Hensley*, 461 U.S. at 434. Simply asserting that the hours were necessary and reasonable is insufficient to meet the moving party's burden of showing the hours were reasonable. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999).

As noted above, Plaintiff requests attorneys' fees for 208.25 hours of attorney work and 16.5 hours of legal assistant work. It provides affidavits and various other documents detailing the tasks performed and time spent on those tasks. (Doc. 45-1 at 4-15). Defendant's objections to the requested hours will be addressed in turn below.

First, Defendant argues that Plaintiff should only be awarded attorneys' fees for the work done in relation to the preliminary injunction, as that is what makes

Plaintiff the prevailing party. (Doc. 49 at 4-5).[1] It claims no fees incurred after April 26, 2010, the date the written order granting a preliminary injunction was issued, should be awarded. (Doc. 49 at 4-5). However, as explained in the Court's previous Order, Plaintiff would not have been the prevailing party on the basis of the preliminary injunction had the merits ultimately been resolved against it; rather, it was the subsequent mooting of the case because of Defendant's amending the ordinance, combined with the preliminary injunction, that made Plaintiff the prevailing party. (Doc. 48 at 7-10). Thus, Defendant's first objection is meritless. To the extent it relates to a reduction of the award based on limited success, which occurs after the lodestar amount is calculated, this contention is addressed below.

Second, Defendant argues that some of the time requested is duplicative, such as when both attorneys on the case were present for the same telephone conference. (Doc. 49 at 6). Plaintiff again relies heavily on a presumption that fees that were paid are reasonable. (Doc. 50 at 8). Though this presumption clearly applies to the hourly rate, it is unclear that the same holds true for the number of hours worked, and Defendant cites no cases directly supporting such a proposition. Even if a presumption does apply, having reviewed the itemization of requested hours, the Court finds some of the reported hours to clearly be unnecessarily duplicative. It is not inherently duplicative or redundant for two attorneys to perform similar or overlapping tasks when working on the same case, but activities

---

[1] Defendant makes a related argument about "needlessly increasing the cost of litigation," but seems to conclude that this issue "has in large part already been addressed" by the Court excluding some work from the fee calculation. (Doc. 49 at 5-6). This confusing and undeveloped argument need not be addressed by the Court.

that should reasonably have been performed by only one attorney should not be compensated doubly.

Though Plaintiff submitted a "no duplication matrix" in an attempt to show that no entries were duplicated (Doc. 50-1 at 11-12), which to its attorneys apparently only meant time was not listed twice for the attorneys discussing the case with each other, the Court finds time spent by both attorneys on a task that did not reasonably need the work of two attorneys to be duplicative or excessive. For example, it was unnecessary for both of Plaintiff's attorneys to attend a County Board meeting, even if, as Plaintiff's counsel represents, they had different reasons for attending. The Court excludes 11.5 hours from the requested amount on this basis.[2]

Third, Defendant claims time spent communicating with the County Board and at hearings should not be compensated, citing a Third Circuit case. (Doc. 49 at 7). In *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d Cir. 2008), the appellate court noted in a footnote that the district court did not award compensation for attending city council hearings or corresponding with city officials. 520 F.3d at 236 n.7. It did not explain why. The Court does not find it unreasonable for Plaintiff's counsel to attend County Board hearings, particularly given its attempt to affect change with the problematic ordinance. Defendant does not expound upon its reason for such a reduction; thus, this argument is rejected.

---

[2] Where Plaintiff's counsel listed more than one task within a particular time block, the Court attempted to determine the amount of time reasonably allocated to the various tasks. As it is Plaintiff's burden to prove reasonable hours, the Court erred on the high side when determining the amount of time that should be excluded for unreasonable tasks where they were not itemized individually.

Fourth, Defendant points to seven instances in which Attorney Zabek communicated with Karrie Alms, who had been running for a County Board seat at the time, and to one instance in which Mr. Zabek billed for "[r]eview[ing] article online regarding asphalt comments from bloggers." (Doc. 49 at 7). It argues these communications could not possibly have been reasonably necessary. Regarding communications with Ms. Alms, Defendant argues that any exchange of information between Ms. Alms and Plaintiff's counsel would have been unnecessary, as she was not involved in the case and did not have information that could not have been received from other sources. Plaintiff asserts that its counsel was communicating with Ms. Alms as a potential witness, which is reasonable. (Doc. 50-1 at 2). The Court does not find this to be unreasonable time spent, so will not reduce the award on this basis. As for reading the online asphalt article, the Court finds no reason this would be reasonably necessary as part of the litigation. Accordingly, the Court reduces the hours for the lodestar calculation by a further .5 hours.

Fifth, Defendant argues that Plaintiff's counsel's communications with its agents without its counsel's permission violates Illinois Rule of Professional Conduct 4.2, made applicable to attorneys practicing in this Court by Local Rule 83.6(D). (Doc. 49 at 8-9). Plaintiff contends that the "[d]iscussions with Defendant's officials and employees were proper and invited by Defendant." (Doc. 50 at 9). Plaintiff apparently does not contest that the individuals Defendant lists were agents of Defendant and that Rule 4.2 applied; thus, the Court will not address this question. Instead, Plaintiff claims that Defendant's counsel was aware of the communications and even participated in many of them, and that Defendant,

7

through its agents, sought Plaintiff's counsel's consultation on matters related to the ordinance.

> Illinois Rule of Professional Conduct 4.2 states:
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

As noted in one of the comments, the fact that the represented person consents to or initiates the contact does not make the rule inapplicable. Rule 4.2 cmt. 3. It is the attorney's consent that matters. Plaintiff's counsel's exhibits do not show Defendant's counsel was part of or consented to the specifically contested communications. The Court finds these communications were not reasonably expended in the litigation, and should be omitted for purposes of calculating the lodestar amount. Thus, the request is reduced by 4.5 hours to account for these improper communications.

Finally, Defendant argues that some of the administrative tasks performed by the attorneys and legal assistant should not be compensated at the attorney or paralegal rate, as they should have been delegated to an employee with a lower pay rate. (Doc. 49 at 8-10). The Court has discretion to reduce hours that are spent on administrative tasks that reasonably could have been delegated. *See Spegon*, 175 F.3d at 553. When determining whether fees for paralegal work are reasonable, a court must determine "whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *People Who Care*, 90 F.3d at 1315.

Plaintiff argues that the hours it requested for Ms. Sutherland's time was mistakenly referred to as paralegal time in its prior filing, and that she is more properly called a legal assistant. (Doc. 50 at 9-10). This is further supported by the fee agreement letter Plaintiff's counsel sent to Plaintiff, setting the legal assistant rate at $75 per hour and making no mention of any paralegal. Thus, Ms. Sutherland's time is evaluated as legal assistant time, and her administrative tasks are therefore fully appropriate. Further, the minimal, short telephone conferences Defendant points to, in which Plaintiff's counsel attempted to schedule or discuss hearings with the Court, are not unreasonable, even if they could be characterized as administrative. Attorneys occasionally communicate directly with the Court staff, particularly to resolve minor issues, which often saves time and expense by increasing efficiency. These very few instances are not unreasonable and will be included in the lodestar calculation.

With the reductions in hours for time that was not reasonably necessary to the litigation, the number of hours applied to the lodestar amount is 191.75 hours of attorney work and 16.5 hours of legal assistant work. Multiplied by the reasonable rate determined above, this equals a lodestar amount of $69,511.10, including costs in the amount of $1,161.10.

### III. *Adjustments of Lodestar*

Once the lodestar is calculated, a court may adjust the fee upward or downward based on a number of factors. *Hensley*, 461 U.S. at 434. The most important factor for this determination is the degree of success. *Id.* at 435. A court is to consider whether the party failed to prevail on other, unrelated claims, and

9

whether the level of success makes the hours expended a satisfactory basis for the fee award. *Id.* at 434. The emphasis is on the result, not on whether the party succeeded on each particular ground or contention. *Id.* at 435.

Defendant argues that because Plaintiff achieved limited success, the fee award should be reduced to reflect that success. It points to the pleadings and notes that Plaintiff brought a count for a declaratory judgment and a count for a preliminary and permanent injunction. (Doc. 49 at 4). Defendant also argues that because the case was mooted and Plaintiff did not obtain a declaratory judgment or permanent injunction, its efforts beyond those related to the preliminary injunction did not result in success.

As noted above, Plaintiff's success came in part from the mooting of the case, which happened because of Defendant's voluntary behavior. Though no final success on the merits was obtained, that was unavailable because Defendant voluntarily changed the ordinance in question, mooting the case. In addition, Plaintiff's declaratory judgment claim was related to the preliminary injunction, not a distinct and unrelated claim. Thus, the Court agrees that Plaintiff achieved essentially all of the results it sought. The ordinance that Plaintiff believed infringed upon its constitutional rights was changed such that it no longer infringed upon those rights, in large part because of the Court-ordered preliminary injunction.

Further, the Court finds the number of hours used as the basis for the lodestar is a satisfactory basis for the fee award. Plaintiff's counsel, through the litigation process and much behind-the-scenes work, obtained the results their client sought, including the ultimate amendment of the ordinance resulting in

mooting the case. Other courts facing similar fact patterns have reached similar conclusions, and have not reduced a fee award just because the case was mooted after the preliminary injunction and thus was not resolved on the merits. *See, e.g.*, *People Against Police Violence*, 520 F.3d at 236-37; *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1027-28 (N.D. Ill. 2009). Because Plaintiff achieved the results it sought, the Court does not reduce the award below the lodestar amount.

As a final matter, Plaintiff points out that it attempted to stipulate to the attorneys' fees, as requested by the Court, and that Defendant made no counteroffer or attempt to settle the fee dispute. (Doc. 50 at 2). It asks the Court to consider the hours spent in responding to Defendant's brief, in excess of 35 attorney hours, as they would not have been incurred had Defendant been willing to negotiate a stipulation to the fees. Normally, time spent preparing fee petitions may be awarded as part of the attorneys' fees. *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988). Because of the problems noted in the Court's previous Order, work on the initial Petition for Fees is excluded from this award. However, the Court agrees that Plaintiff should receive attorneys' fees for the work its attorneys performed in responding to Defendant's brief, which could have been avoided had Defendant been open to negotiations as the Court had encouraged. Plaintiff showed not just the failure to reach a stipulation, but more importantly, Defendant's unwillingness to negotiate. The Court finds 35 hours to be excessive, but awards fees for an additional 10 hours to compensate for preparing Plaintiff's response to Defendant's brief. Thus, an additional $3,500 is added to the lodestar amount calculated above, resulting in a total award of $73,011.10.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Petition for Fees (Doc. 45) is GRANTED IN PART and DENIED IN PART. Plaintiff is AWARDED $73,011.10 in costs and attorneys' fees pursuant to 42 U.S.C. § 1988. The Clerk is DIRECTED to prepare an amended judgment to this effect.

Entered this 3rd day of June, 2013.

                                                      s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                    United States Senior District Judge